UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA-NEWPORT NEWS DIVISION

| | |
|---|---|
| MALIK JONES and TANEAKA ROBINSON<br>    Plaintiff, | ) JURY TRIAL DEMANDED<br>)<br>) |
| v. | ) Case No.<br>) |
| MIDLAND FUNDING LLC.,<br>    Defendant. | )<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiffs, Malik Jones and Taneaka Robinson, and individual consumer, against Defendant Midland Funding LLC., ("Midland") for violations against the Fair Debt Collections Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) 28 U.S.C 1331. Venue in this District is proper in that the defendants transacts business in Hampton, Hampton City, Virginia, and the conduct complaints of occurred in Hampton, Hampton City, Virginia.

### III. PARTIES

3. Plaintiff Taneaka Robinson (hereinafter "Mrs. Robinson") is a natural person residing in Hampton, Hampton City, Virginia. Mrs. Robinson is a consumer defined by the Fair Debt Collection Practices Act, 15 U.S.C §1692a(3).

4. Party Malik Jones (hereinafter "Mr. Jones") is a natural person residing in Newport News, Warrick County, Virginia. Mr. Jones has been assigned 100 percent of these claim(s) above also is Attorney-in-Fact pursuant to Virginia Stat. tit. § 64.2-1633.

5. Upon information and belief, Defendant Midland Funding LLC., is a California corporation with its principal place of business located at 8875 Aero Dr, Ste. 200, San Diego, CA, 92123.

6. Defendant Midland Funding LLC., (hereinafter referred to as a Debt Collector") is a "debt collector" as defined by FDCPA, 15 U.S.C 1692a(6)

## IV. PRELIMINARY STATEMENT

7. The Fair Debt Collection Practices Act codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978. Congress stated its findings and purpose of the FDCPA:

8. **Abusive practices**. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

9. **Inadequacy of laws**. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

10. **Available non-abusive collection methods**. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

11. **Interstate commerce**. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

12. **Purposes.** It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

13. **15 U.S.C. § 1692e False or Misleading Representations.** A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: **(8) Communicating or threatening to communicate to any person credit information which is known, or which should be known to be false,** including the failure to communicate that a disputed debt is disputed.

14. The FDCPA, 15 U.S.C. § 1692 doesn't define the word "false" we must look to the ordinary meaning of those terms. See United States v Santos, 553 U.S. 507, 511, 128 S,Ct. 2020, 2024 (2008)) ("When a term is undefined, we give it its ordinary meaning."); United States v. Lopez, 590 F.3d 1238, 1248 (11th Cir. 2009) ("To ascertain ordinary meaning, courts often turn to dictionary definitions for guidance.") WEBSTER The ordinary meaning of "false" is ("**adjective**") 1. Not according with the truth or fact: incorrect.

## V. FACTS OF THE COMPLAINT

15. Around January 3, 2022, Mrs. Robinson had obtained a copy of her credit report from "credit karma."

16. On the report, Mrs. Robinson observed a tradeline from Debt Collector.

17. Debt Collector (Midland Funding LLC.,) furnished the same tradeline to consumer reporting agencies.

18. The Tradelines were furnished to the consumer reporting agencies with two different amounts $3960 and $4331, allegedly owed to Comenity Capital Bank (need to confirm spelling)

19. On January 7, 2022 Plaintiff made a dispute via telephone.

20. Defendant materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

21. A debt reported without dispute results in a much lower credit score than a report of both the debt and the dispute. Saunders v. Branch Banking and Trust Co. of VA, 526 F. 3d 142, 146-47 (4th Cir. 2008).

22. Debt Collectors Publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Mrs. Robinson and has caused sever humiliation and emotional distress, mental anguish, and damage to her FICO scores.

## VI. FIRST CLAIM FOR RELIEF

(Defendant., Credit Control Corporation.,)

15 U.S.C. §1692e(8) 15 U.S.C. §1692e(2)(A)

23. Mrs. Robinson re-alleges and reincorporates all previous paragraphs as if fully set out herein

24. The Debt Collectors violations include, but are not limited to the following:

    (a) The Debt Collector violated 15 U.S.C § 1692e(8) of the FDCPA by failing to communicate to consumer reporting agencies credit information, which is known, or which should be known to be false,

    (b) The Debt Collector violated 15 USC 1692e(2)(A) by reporting false character amount.

25. As a result of the above violations of the FDCPA, the Defendants are liable to Mrs. Robinson actual damages, statutory damages, and cost.

## VII. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Mr. Jones and Mrs. Robinson respectfully demands a jury trial and requests that judgement be entered in favor of Plaintiff against the Debt Collectors for:

A. Judgement for the violations occurred for violating the FDCPA;

B. Actual Damages pursuant to 15 USC 1692k (1)(2);

C. Statutory damages pursuant to 15 USC 1692k (2);

D. Cost Pursuant to 15 USC 1692k(3);

E. For deletion and further relief as the Court may deem just and proper.

*/s/ Malik Jones*

Malik Jones Attorney-In-Fact Virginia Stat. § 64.2-1633.
53 Rexford drive
Newport New, VA 23608
202.805.4602 (telephone)
grantor@naysanequity.com (email)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News DIVISION

Malik Jones and Taneaka Robinson
Plaintiff(s),

v.

Civil Action Number: _____

Midland Funding LLC.,
Defendant(s).

## LOCAL RULE 83.1(M) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of Complaint and demand for Jury trial
(Title of Document)

Malik Jones
Name of Pro Se Party (Print or Type)

Malik Jones
Signature of Pro Se Party

Executed on: 1-14-22 (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of Pro Se Party (Print or Type)

_____
Signature of Pro Se Party

Executed on: _____ (Date)